IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01855-WDM-BNB

CYNTHIA I. CLEVELAND,

    Plaintiff,

v.

AMPCO SYSTEMS PARKING, INC.,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion for Summary Judgment (doc no 33) filed by Defendant AMPCO System Parking, Inc. ("AMPCO"). Plaintiff Cynthia I. Cleveland ("Plaintiff") opposes the motion. I have reviewed the parties' written arguments and the evidence submitted with the briefs and conclude that oral argument is not required. Because I conclude that there are genuine issues of material fact, the motion will be denied.

### Background[1]

On December 1, 2004, Plaintiff was a passenger on Shuttle Bus 129 at Denver International Airport. Shuttle Bus 129 is owned and maintained by the City and County of Denver, and operated by AMPCO pursuant to a contract with the City and County of

---

[1] The facts set forth herein are drawn from the parties' briefs and are undisputed, unless otherwise noted.

Denver.

As Plaintiff exited the shuttle bus at the front of the bus, she fell down the stairs. Plaintiff contends she caught her foot on a loose flap of rubber on the top step of the shuttle bus exit. She did not see the step or the rubber before she fell and was unable to testify about the condition of the step before she fell. However, after she fell, she observed a piece of rubber approximately one foot long hanging off the step. The driver of the bus testified in her deposition that she had examined the bus before beginning the route and did not observe any loose rubber on any of the steps.

Plaintiff filed a complaint in the District Court for the City and County of Denver, Colorado, asserting a single claim of negligence. The case was removed to this Court on the basis of diversity jurisdiction.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element

essential to the case." *Id.*

I determine whether the evidence proffered by the plaintiff, if believed by the fact-finder, would be sufficient to sustain the claim, *Foster v. AlliedSignal, Inc.*, 293 F.3d 1187, 1195 (10th Cir. 2002), and draw all reasonable inferences from the evidence in the manner most favorable to the plaintiff. *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003).

### Discussion

AMPCO contends that Plaintiff has not offered direct evidence that the rubber step was defective before the accident. The parties do not appear to dispute for the purposes of summary judgment that AMPCO is a common carrier or that it has the highest duty of care to its passengers. A common carrier is obligated to refrain from creating a condition which would subject a passenger to risk of injury. *See Publix Cab Company v. Fessler*, 138 Colo. 547, 551, 335 P.2d 865, 867 (Colo. 1959).

However, on a motion for summary judgment, I must draw all reasonable inferences in favor of Plaintiff. Here, Plaintiff has presented evidence that after her fall, the step was defective. There are at least two reasonable inferences that may be drawn from this evidence: the rubber was loose and this caused Plaintiff's fall or Plaintiff fell for some other reason and that she caused the damage to the step. Because the evidence is disputed and a jury could reasonably credit Plaintiff's version of the events, summary judgment is not appropriate. That Plaintiff's evidence is indirect does not preclude a jury from finding that AMPCO breached its duty of care. *See* Colo. Jury Instr., Civil 3:8 (4th ed.) ("The law

3

makes no distinction between the effect of direct evidence and circumstantial evidence.").

Accordingly, it is ordered:

1.    The Motion for Summary Judgment filed by Defendant (doc no 33) is denied.

DATED at Denver, Colorado, on October 2, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge