IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01855-WDM-BNB

CYNTHIA I. CLEVELAND,

Plaintiff,

v.

AMPCO SYSTEM PARKING, INC.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause [Doc. # 58] entered January 11, 2008, and the status conference held on February 11, 2008, at 9:00 a.m. The plaintiff failed to respond to the Order to Show Cause and failed to attend the status conference. As a result of these and other failures to act by the plaintiff, I respectfully RECOMMEND that the action be DISMISSED WITHOUT PREJUDICE.

I entered an order on December 27, 2007 [Doc. # 57], requiring the parties to submit, on or before January 8, 2008, an exhibit list which complies with the Pretrial and Trial Procedures for matters before Judge Walker D. Miller and which identified each exhibit by Bates number. The defendant submitted its exhibit list on December 21, 2007 [Doc. # 56.], but no joint list was provided and nothing was received from the plaintiff. I refused to accept the defendant's exhibit list because, among other things, it was not a joint list of all exhibits. Order [Doc. # 57, filed 12/27/2008]. I subsequently was informed that the defendant submitted its list separately because the plaintiff failed to provide a list of the exhibits she intends to offer at trial. Even as of the date

of this recommendation, the plaintiff has failed to submit a list of her exhibits, either to the court or to defense counsel.

In view of the plaintiff's failure to submit an exhibit list, on January 11, 2008, I entered an Order to Show Cause why the case should not be dismissed based on the plaintiff's failure to comply with my order that an exhibit list be submitted. Order to Show Cause [Doc. # 58]. The plaintiff has not responded in any way to the Order to Show Cause.

By a minute order entered on January 31, 2008 [Doc. # 59], I set the case for a status conference to address the failure of the plaintiff to submit an exhibit list as ordered. Defense counsel appeared at the status conference as ordered, but plaintiff's counsel failed to appear or to contact the court in any way.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

A district court may dismiss a case *sua sponte* for want of prosecution, Joplin v. Southwestern Bell Telephone Co., 671 F.2d 1274, 1275 (10th Cir. 1982), and the court enjoys broad discretion in determining whether to dismiss the action without prejudice. Childs v. Ortiz, 2007 WL 4455759 at *1 (10th Cir. December 20, 2007). "Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." Id. (quoting United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005).

In <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992), the circuit court articulated a five factor analysis to be applied when imposing sanctions:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

<u>Id</u>. at 921 (internal quotations and citations omitted). Applying this test, I find that dismissal without prejudice is the appropriate sanction under the circumstances.

First, there is actual prejudice to the defendant. Counsel for the defendant has contacted plaintiff's counsel on several occasions to attempt to obtain an exhibit list and appeared at the status conference to address that issue, but the plaintiff fails to provide a list of exhibits or even to address the issue. The defendant would suffer enormous prejudice, of course, if it were required to proceed to trial without notice of the exhibits the plaintiff intends to offer.

Second, the plaintiff's failure to provide an exhibit list, failure to respond to my Order to Show Cause, and failure to attend the status conference have interfered with the judicial process. The court process cannot function if orders are ignored and counsel fails to attend court hearings without notice or excuse.

Third, this is not a case of simple inadvertence. To the contrary, the plaintiff ignored my order to provide an exhibit list, ignored my order to show cause, and ignored my order setting a status conference. The defendant was given repeated opportunities to address her failure to provide an exhibit list and failed to do so.

Fourth, the Order to Show Cause warned the plaintiff of the possible sanction of dismissal. Even in the face of this warning, the plaintiff failed to respond to the Order to Show Cause and failed to attend the status conference.

Finally, I have considered the efficacy of a lesser sanction. The plaintiff has failed to participate at all in the pretrial process since December 7, 2007, when the defendant filed an Agree Upon Motion for Extension of Time to Supplement Exhibit Lists and to Submit Objections to Exhibits [Doc. # 53]. I consider this failure by the plaintiff to meet obligations for more than two months as constituting an abandonment of the plaintiff's claims and a failure by the plaintiff to prosecute the case in the face of orders requiring action by her. Where, as here, a plaintiff refuses to participate at all in crucial pretrial proceedings, and engages in conduct that hinders preparation of the case for trial, no lesser sanction would be effective.

I respectfully RECOMMEND that the plaintiff's complaint and this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with orders of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

4

appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 11, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge