IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01855-WDM-BNB

CYNTHIA I. CLEVELAND,

     Plaintiff,

v.

AMPCO SYSTEMS PARKING, INC.,

     Defendant.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

     This matter is before me on the recommendation of Magistrate Judge Boyd. N. Boland (doc no 62) that this case be dismissed without prejudice because of Plaintiff's failure to prosecute. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I will not accept the recommendation but Plaintiff's counsel is warned that any further failure to attend to this case will result in dismissal.

     Magistrate Judge Boland recommended dismissal because of Plaintiff's failure to comply with several court orders and to appear at a court-ordered status conference. Plaintiff failed to submit an exhibit list, as ordered by Magistrate Judge Boland, failed to respond to Magistrate Judge Boland's Order to Show Cause why the case should not be dismissed, and failed to attend a February 11, 2008 status conference ordered by Magistrate Judge Boland. After Magistrate Judge Boland issued his recommendation,

Plaintiff apparently began filing responsive documents. Plaintiff's counsel claims that he filed a response to Magistrate Judge Boland's Order to Show Cause but "for some reason it does not appear on the Court's docket." Plaintiff's counsel also explains that he failed to enter the status conference in his calendar. He apologizes to the court and to defense counsel and has offered to pay defense counsel's attorney fees for the missed status conference.

Although Plaintiff's counsel has been negligent in ensuring that his filings with this court are properly docketed and in complying with other orders of the court, I will not dismiss the case at this time. Plaintiff's counsel has responded and promises diligence going forward. Trial is still several months away, so assuming that Plaintiff promptly provides the exhibit list, Defendant will suffer little prejudice, other than the time and frustration incurred by Defendant's counsel. I conclude that a lesser sanction is more appropriate than dismissal, given that discovery is complete and trial is not imminent. Plaintiff's counsel is reminded that he has professional and ethical duties to his clients and the court, which appear to be compromised by his heavy case load and poor office management, and his conduct will not be excused a second time.

Accordingly, it is ordered:

1.    The recommendation of Magistrate Judge Boyd. N. Boland (doc no 62) is declined.

2.    Counsel for Plaintiff shall personally pay the attorney's fees incurred by counsel for Defendant resulting from Plaintiff's counsel's failure to communicate with counsel for Defendant, failure to provide an exhibit list,

and failure to attend the status conference.

3.      Counsel for Plaintiff shall provide an exhibit list on or before March 3, 2008

        to counsel for Defendant for preparation of a joint exhibit list, to be submitted

        on or before March 7, 2008.  If Plaintiff's counsel fails certify to this court by

        the close of business on March 3, 2008 that the list has been provided, this

        case will be dismissed without prejudice without further notice.

DATED at Denver, Colorado, on February 27, 2008.

                                        BY THE COURT:


                                        s/ Walker D. Miller
                                        United States District Judge