IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01855-WDM-BNB

CYNTHIA I. CLEVELAND,

Plaintiff,

v.

AMPCO SYSTEM PARKING, INC.,

Defendant.

___

**ORDER**
___

This matter is before me on the following:

(1)     **Plaintiff's Motion for Leave to Amend Pretrial Order, Endorse New Expert Witnesses, for Additional Discovery, to Continue Trial, and to Withdraw as Attorney** [Doc. # 70, filed 3/26/2008] (the "Motion for Extension and to Withdraw"); and

(2)     **Plaintiff, Cynthia Cleveland's Motion for Permission to File Pro Se Response to Plaintiff's Motion for Leave to Amend Pretrial Order, Enforce New Expert Witnesses, and for Additional Discovery, to Continue Trial, and to Withdraw as Attorney** [Doc. # 74, filed 4/11/2008] (the "Motion to Respond").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

Trial of this matter has been set for June 2, 2008. The district judge has reserved to himself the issue of continuing that trial date.

The Motion for Extension and to Withdraw seeks other relief in several forms.  First, the plaintiff seeks leave to add numerous additional experts, including experts in the fields of medicine, liability, damages, and vocational rehabilitation.  In addition, the motion seeks leave to allow substantial additional discovery.  Finally, plaintiff's counsel seeks leave to withdraw.

There is inadequate time before trial to allow the additional experts the plaintiff requests or the additional discovery requested or which the additional experts, if allowed, would entail.  Consequently, I cannot allow the additional experts or discovery requested unless and until the trial date is continued, and the district judge has not yet ruled on that request.

It is obvious that an irreconcilable conflict of interest which cannot be waived exists between the plaintiff and her counsel, as evidenced by the following statement by the plaintiff:

> Given all of this information, I cannot possibly have Mr. McReynolds represent me going forward knowing that he has deceived me and had no intention of disclosing critical information to me.  I hired and trusted this professional to diligently represent me.

Plaintiff Cynthia Cleveland's Pro Se Response [etc.] [Doc. # 74-2] at ¶5.  In view of this conflict, the request by Mr. McReynolds to withdraw is granted.

Having allowed Mr. McReynolds to withdraw, I grant the Motion to Respond, and I have considered the plaintiff's *pro se* arguments made there.  Although I understand the situation in which the plaintiff finds herself, I cannot in fairness to the defendant grant the substantial relief sought in the form of additional experts and discovery requested unless the trial date is continued.

IT IS ORDERED that the Motion for Extension and to Withdraw is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART as follows:

GRANTED to allow Gregg McReynolds to withdraw as plaintiff's counsel. Mr. McReynolds is relieved of any further responsibility in the case; and

DENIED WITHOUT PREJUDICE in all other respects, pending a determination by the district judge of the request to continue the trial.

IT IS FURTHER ORDERED that the Motion to Respond is GRANTED. The Clerk of the Court is directed to accept for filing Plaintiff Cynthia Cleveland's Pro Se Response [etc.] [Doc. # 74-2].

Dated April 28, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge